UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-178-BR
No. 5:12-CV-437-BR

| | | |
|---|---|---|
| TORREY DEVON WILLIAMS, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court for initial review of a 28 U.S.C. § 2255 petition pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Under this Rule, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b).

On 6 December 2010, pursuant to a plea agreement, petitioner pled guilty to possession with intent to distribute a quantity of marijuana and possession of a firearm by a convicted felon. On 5 April 2011, petitioner was sentenced to a total term of 180 months imprisonment. Petitioner appealed, and the Fourth Circuit Court of Appeals affirmed. United States v. Williams, No. 11-4449 (4th Cir. Jan. 27, 2012). Petitioner timely filed the instant motion on 30 July 2012.

Petitioner asserts three claims. First, he contends that he is innocent of being a career offender based on the decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Pet., DE # 64, at 4.) Assuming without deciding that this claim is not barred by the post-conviction rights waiver contained in petitioner's plea agreement, (see DE # 39 ¶ 2(c)), the court concludes that Simmons does not afford petitioner a basis for relief.

At issue in Simmons was whether a prior North Carolina conviction was for "an offense 'punishable by imprisonment for more than one year.'" Id. at 239. The court held that an offense was punishable by a prison term exceeding one year only if the specific defendant had been eligible for such a sentence considering his criminal history and the nature of the offense. Id. at 243-44. Although Simmons impacts whether a prior conviction might qualify as a felony for purposes of the career offender offense level enhancement contained in U.S.S.G. § 4B1.1, petitioner's base offense level was not based on, or otherwise enhanced because of, his being deemed a career offender. Rather, his base offense level was based on the cross-reference to the offense level for attempted first degree murder. (See PSR ¶ 44 (citing U.S.S.G. §§ 2A2.1(a)(1), 2K2.1(c)(1), 2X1.1(a)); 4/5/11 Tr., DE # 54, at 29 (overruling defendant's objection to the cross-reference and adopting the factual findings and guideline application in the PSR).) The cross-reference applies "[i]f the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense." U.S.S.G. § 2K2.1(c)(1) (2010). It has nothing to do with the defendant's prior convictions. Application of the cross-reference to petitioner results in a base offense level of 37. (PSR ¶ 44.) Because this offense level is higher than the offense level for a career offender, the higher offense level (i.e., the offense level for attempted first degree murder) applies. (Id. ¶ 50.) Petitioner's prior convictions were not used to determine his offense level, and therefore, Simmons has no impact on the offense level.

On the other hand, petitioner's prior convictions did influence his criminal history category. Because petitioner was deemed a career offender, his criminal history category is VI.

2

Case 5:10-cr-00178-BR   Document 67   Filed 09/25/12   Page 2 of 6

(See id. ¶¶ 24, 53.)  With a total offense level of 34[1] and a criminal history category of VI, petitioner's guideline range for imprisonment for each count would be 262 to 327 months.  See U.S.S.G. Ch. 5, Pt. A (2010).  (See also PSR ¶¶ 55, 57.)  However, because both the firearm offense and the controlled substance offense are subject to statutory maximum terms of imprisonment of 60 months and 120 months, respectively, petitioner's sentence was limited by those statutory maximums.  (See PSR ¶¶ 55, 57.)  In fact, petitioner was sentenced to those statutory maximums.  If one accepts petitioner's argument and removes the career offender designation in light of Simmons, petitioner's criminal history category would be V,[2] (see id. ¶ 24), and the guideline range of imprisonment for each count would be 235 to 293 months.  See U.S.S.G. Ch. 5, Pt. A (2010).  However, again, because the offenses have statutory maximum terms of imprisonment lower than the guideline range, petitioner's sentence still could not have exceeded those maximums.  Accordingly, applying Simmons to lower petitioner's criminal history category would make no difference in his sentence.  In sum, the Simmons decision has no impact on petitioner's sentence, and petitioner's sentence cannot be vacated on this ground.[3]

Petitioner's second claim alleges ineffective assistance of counsel in connection with his plea, at sentencing, and on appeal based on Simmons-related issues.  (See Pet., DE # 64, at 5.)

---

[1] Petitioner received a three-level decrease in the offense level for acceptance of responsibility.  (PSR ¶ 51.)

[2] Without the career offender enhancement, petitioner's criminal history category would be V, not IV, as he suggests.  (See Pet., DE # 64, at 7.)  In the absence of an enhancement, a defendant's criminal history category is determined by the total number of criminal history points.  See U.S.S.G. § 4A1.1 (2010).  Points given for any prior conviction are based on the length of the sentence of imprisonment; they are not based on whether the prior conviction qualifies as a felony.  See id.  Here, petitioner's criminal history points total 10, including 2 points for petitioner's being on probation at the time of the instant offenses.  (PSR ¶¶ 23, 24.)  Ten criminal history points establishes a criminal history category of V.  U.S.S.G. Ch. 5, Pt. A (2010).

[3] The court notes that petitioner does not argue that he is actually innocent of possession of a firearm by a convicted felon.  As petitioner himself acknowledges, his 2005 Rhode Island convictions for felonious assault and use of a firearm during a violent crime qualify as predicate felonies.  (See Pet., DE # 64, at 4; PSR ¶ 20.)

As discussed above, Simmons does not affect petitioner's sentence, and therefore, petitioner was not prejudiced by any counsel's failure to make Simmons-related arguments.[4] See Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) ("To establish prejudice, a defendant must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" (citation omitted)), cert. denied, 122 S. Ct. 2311 (2002). Petitioner is not entitled to relief on this claim.

Finally, petitioner alleges that trial and appellate counsel were ineffective in the course of objecting to, and the appeal of, the cross-reference to the offense level for attempted first degree murder. (Pet., DE # 64, at 7.) In support of this claim, petitioner contends that an eyewitness to the shooting at issue "later came forward" to give a statement and agreed to testify at trial in petitioner's favor; that counsel failed to question evidence that the three bullets removed from the victim did not match the caliber of the shell casings at the scene; counsel failed to mention that "the instant firearm was unoperable [sic];" and that the "appeal attorney fail[ed] to pursue certain facts." (Id.) At sentencing, trial counsel vigorously challenged application of the cross-reference. Specifically, she pointed out to the court and/or elicited on cross-examination of the investigating officer that no witness had identified petitioner as the shooter, (see 4/5/11 Tr., DE # 54, at 5, 7, 20, 27); that the bullets removed from the victim were not analyzed to determine whether they matched the casings found at the scene, (id. at 6, 21-22, 24, 27); that there is no connection between the gun involved in the shooting and the gun which was subsequently found when petitioner was arrested, (id. at 7); that it would be unfair to apply the cross-reference when the state court has not even prosecuted petitioner for the shooting, (see id. at 27-28), and that the

---

[4] Petitioner's trial counsel *did* object to some of petitioner's North Carolina convictions being deemed felonies. (4/5/11 Tr., DE # 54, at 3.) The court overruled those objections. (Id. at 4.)

4

gun which was found when petitioner was arrested was inoperable, (id. at 30).  Based on these actions, the court finds that trial counsel was not objectively unreasonable in her performance related to objecting to the attempted first degree murder cross-reference.  See Burch, 273 F.3d at 588 ("For counsel's trial performance to be deficient, he must have 'made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment,' and that "counsel's representation fell below an objective standard of reasonableness.'" (citation omitted)).

As far as any ineffectiveness on the part of appellate counsel, petitioner does not identify what "facts" counsel did not pursue.  (See Pet., DE # 64, at 7.)  Furthermore, it is immaterial whether or not counsel failed to pursue certain facts because the Fourth Circuit Court of Appeals dismissed petitioner's sentencing claims on appeal based on the waiver of his right to appeal in the plea agreement.  Williams, slip. op. at 2 n.1.  Petitioner was not prejudiced by counsel's failure to raise certain facts on appeal, and this claim fails.

Because petitioner is not entitled to relief on any claim he asserts, the § 2255 petition is DISMISSED.

The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

Finally, to the extent petitioner's letter dated 18 June 2012 could be deemed a motion for

5

relief pursuant to <u>Simmons</u>, (DE # 60), it is DENIED for the reasons stated above.

This 25 September 2012.

_____

W. Earl Britt

Senior U.S. District Judge