UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:10-CR-00178-BR
NO: 5:16-CV-00631-BR

| TORREY DEVON WILLIAMS | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| UNITED STATES OF AMERICA | ) | |
| | ) | |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion, (DE # 99), and the motion to withdraw of the Office of the Federal Public Defender, (DE # 102). Petitioner, through counsel, filed a response in opposition to the government's motion. (DE # 101.) Petitioner filed *pro se* a request for judicial notice. (DE # 103.)

On 6 December 2010, pursuant to a plea agreement, petitioner pled guilty to possession with intent to distribute a quantity of marijuana and possession of a firearm by a convicted felon. On 5 April 2011, petitioner was sentenced to a total term of 180 months imprisonment. Petitioner appealed, and the Fourth Circuit Court of Appeals affirmed. (DE # 57.) In 2012, petitioner filed his first § 2255 motion. (DE # 64.) On initial review of the § 2255 motion, the court dismissed the motion on its merits. (DE # 67.) Petitioner appealed, and the Fourth Circuit Court of Appeals dismissed the appeal. (DE # 75.) On 29 June 2016, the Fourth Circuit Court of Appeals authorized petitioner to file a second or successive § 2255 motion based on Johnson v. United States, 135 S. Ct. 2551 (2015). (DE # 92.) Petitioner, through counsel, filed the instant § 2255 motion that same day. (DE # 91.) In this motion, he contends that under Johnson, two of his prior convictions do not qualify as violent felonies for purposes of the career offender sentencing guideline, and therefore, his sentence was improperly enhanced.

The government contends that petitioner's motion should be dismissed for failure to state a claim for which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." This plausibility standard requires only that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This same standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. See United States v. Reckmeyer, 900 F.2d 257 (4th Cir. 1990) (unpublished) ("We agree that a district court may properly consider a Rule 12(b)(6) challenge to the legal sufficiency of a § 2255 petition." (footnote omitted)).

As noted above, petitioner's § 2255 motion asserts one challenge to his sentence, which is based on application of the career offender enhancement and relies on the decision in Johnson. However, in his response in opposition to the government's motion to dismiss, petitioner also challenges his sentence to the extent the court based petitioner's offense level on the cross-reference to the offense level for attempted first-degree murder. He argues that the court improperly applied the cross-reference based on the decision in United States v. Horton, 693 F.3d 463 (4th Cir. 2012), which was decided after petitioner's conviction became final.

Setting aside the fact that petitioner did not assert a claim based on Horton in his motion nor move to amend his motion to assert such a claim, before addressing the merits of that claim, the court must examine whether the claim satisfies the standard for a successive claim under § 2255(h), see United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (recognizing that once an authorized, successive collateral review application is "submitted to the district court,

2

that court must examine each claim and dismiss those that are barred under § 2244(b) or § 2255[h]." (citing 28 U.S.C.A. § 2244(b)(4); Reyes–Requena v. United States, 243 F.3d 893, 899 (5th Cir. 2001))). Under the relevant portion of this section, a claim that does not contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," must be dismissed. 28 U.S.C. § 2255(h)(2); see also id. § 2244(b)(2)(A). The rule in Horton is not one of constitutional law, let alone one the Supreme Court has made retroactive to cases on collateral review. Therefore, petitioner has not met his burden as to this claim, and it must be dismissed.

Turning to petitioner's claim based on Johnson, he contends that his sentence should not have been enhanced because Johnson voided the residual clause in the career offender guideline, U.S.S.G. § 4B1.2(a)(2). However, Beckles v. United States, 137 S. Ct. 886 (2017), forecloses this argument. In Beckles,

> [the Court] rejected the petitioner's effort to apply *Johnson* to the Sentencing Guidelines, explaining:
>> Unlike the [Armed Career Criminal Act], . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

United States v. Mack, 855 F.3d 581, 585 (4th Cir. 2017) (quoting Beckles, 137 S. Ct. at 892) (omission in original).

However, even if Johnson applied to void the residual clause in the career offender guideline, removal of the enhancement does not impact petitioner's sentence. As the court recognized in its order disposing of petitioner's initial § 2255 motion, without reference to the

career offender guideline, petitioner's criminal history category would be V, and the guideline range of imprisonment for each count would be 235 to 293 months. However, because the offenses have statutory maximum terms of imprisonment lower than that guideline range, i.e., 60 months and 120 months, petitioner's sentence of imprisonment on each count was capped at those maximums. (See 9/25/12 Order, DE # 67, at 3.) Ultimately, Johnson has no impact on petitioner's sentence.

Finally, in his *pro se* request for judicial notice, petitioner requests that the court vacate his sentence based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and Horton. The court has previously considered, and rejected, petitioner's claim based on Simmons. (Id. at 1-3.) To the extent petitioner reasserts that claim, he must receive authorization from the Fourth Circuit Court of Appeals before the court considers it. For the reasons previously discussed, petitioner cannot assert a successive claim based on Horton.

Because petitioner is not entitled to relief, the government's motion is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

Petitioner's request for judicial notice is DENIED. For good cause shown, the Office of the Federal Public Defender's motion to withdraw from representation is ALLOWED. The

Clerk is DIRECTED to serve a copy of this order on petitioner.

This 6 June 2017.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　W. Earl Britt
　　　　　　　　　　　　　　　　　　　　　Senior U.S. District Judge