IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-178-BR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| TORREY DEVON WILLIAMS ) | |

This matter is before the court on defendant's motion for compassionate release. (DE # 117.)

In December 2010, defendant pled guilty to possession with intent to distribute a quantity of marijuana and possession of a firearm by a felon. The court sentenced him to a total term of 180 months imprisonment. The Fourth Circuit Court of Appeals affirmed. (DE # 57.)

In August 2020, defendant filed *pro se* the instant motion. Pursuant to Standing Order No. 19-SO-3 (E.D.N.C. Jan. 25, 2019), the court appointed counsel to represent defendant for purposes of the motion. (DE # 118.) Appointed counsel filed a memorandum with supporting documents. (DE # 121.) The government filed a response in opposition with a supporting declaration. (DE # 122.) Recently, the government filed a notice and supplemental response in opposition, representing that "Defendant was offered the COVID-19 vaccine but rejected it." (DE # 124, at 3.)

Defendant seeks a reduction in his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act"),[1] or alternatively, a recommendation to the Bureau of Prisons ("BOP") to designate him to home confinement to

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

serve the remainder of his sentence pursuant to 18 U.S.C. § 3621(b)(4)(B). (Mem., DE # 121, at 1, 9.) The court will separately consider these requests.

Before filing a motion for a sentence reduction under § 3582(c)(1)(A)(i), the defendant must submit a request to the warden of his facility for the BOP to bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). After 30 days, if the defendant has not received a response to his request, he may then file a motion in the sentencing court. Id.

The government argues defendant's motion should be denied because he has failed to comply with this exhaustion requirement, among other reasons. (Resp., DE # 122, at 1.) The declaration the government filed attests to the fact that the BOP has no record of defendant filing *any* administrative requests during his incarceration with the BOP. (Pratesi Decl., DE # 122-1, ¶¶ 6-7.) Although defendant alleges that he "sent a request for reduction in sentence to the warden of FCI Yazzo [sic], [t]he warden has not responded, and more than 30 days has passed since the request was sent," (Mem., DE # 121, at 3), he has not submitted any evidence to rebut the government's evidence or argued that the exhaustion requirement should be waived. Under these circumstances, the court will not consider the merits of defendant's motion for a sentence reduction under § 3582(c)(1)(A)(i) and will dismiss the motion without prejudice.

Alternatively, defendant requests a recommendation to the BOP for his designation to home confinement for the duration of his sentence.[2] The court recognizes that it has the authority to make a recommendation to the BOP regarding a defendant's placement, see 18 U.S.C. § 3621(b)(4)(B), which incidentally it did at defendant's sentencing at his request, recommending he be allowed to serve his sentence at FCI Butner, (J., DE # 45, at 2). Defendant urges the court to make a recommendation for home confinement given defendant's asthma, the

---

[2] The court disagrees with the government's characterization of defendant's request as one for the *court* to place him in home confinement pursuant to 18 U.S.C. § 3624(c)(2). (See Resp., DE # 122, at 22-23.)

2

COVID-19 pandemic, the length of time he has served, and his conduct while incarcerated. (Mem., DE # 121, at 1, 3, 9.) At this time, the BOP is in the best position to assess defendant's eligibility for designation to home confinement, particularly given its access to defendant's medical records and its direct knowledge of the conditions at FCI Yazoo Low as well as defendant's conduct. Therefore, the court declines to make a recommendation for home confinement.

Based on the foregoing reasons, to the extent defendant seeks a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A)(i), his motion is DENIED WITHOUT PREJUDICE to his refiling the motion after exhausting his administrative remedies. To the extent defendant seeks a judicial recommendation for designation to home confinement, his motion is DENIED.

This 4 February 2021.

_____
W. Earl Britt
Senior U.S. District Judge