IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-178-BR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| TORREY DEVON WILLIAMS ) | |

This matter is before the court on defendant's second motion for compassionate release. (DE # 126.)

In 2010, pursuant to a plea agreement, defendant pled guilty to possession with intent to distribute a quantity of marijuana and felon in possession of a firearm and ammunition. The court sentenced him to the statutory maximum term of imprisonment on each count, 60 months and 120 months, respectively, to run consecutively, for a total term of 180 months. Defendant appealed his firearm conviction, and the Fourth Circuit Court of Appeals affirmed. (DE # 57.)

In August 2020, defendant filed *pro se* his first motion for compassionate release. (DE # 117.) After appointing counsel to represent him and after the government filed a response, the court dismissed this motion without prejudice because defendant had not pursued his administrative remedies before filing the motion. (2/4/21 Order, DE # 125.)

In May 2021, defendant filed the instant motion *pro se*. Again, the court appointed counsel to represent him for purposes of the motion. (DE # 127.) Appointed counsel filed a memorandum in support of defendant's motion. (DE # 133.) The government filed a response in opposition, (DE # 137), supported by exhibits, (DE ## 134-2, 137-1), and, in response to the court's order, filed defendant's sentence computation and inmate discipline data, (DE # 132). Defendant filed *pro se* a reply with supporting exhibits. (DE # 138.)

Defendant seeks a reduction in his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute.[2] United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted) (emphasis added).

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

[2] The policy statement contained in U.S.S.G. § 1B1.13 "addresses only BOP-filed motions." United States v. High, 997 F.3d 181, 186 (2021). Nonetheless, it "'remains helpful guidance even when motions are filed by defendants.'" Id. (quoting McCoy, 981 F.3d at 282 n.7). Relevant here, "[w]ith respect to medical conditions, [extraordinary and compelling] reasons include that 'the defendant is suffering from a terminal illness' or 'the defendant is . . . suffering from a serious physical or medical condition.'" Id. (quoting U.S.S.G. § 1B1.13 cmt. 1(A)(i), (ii)) (alterations omitted).

2

Case 5:10-cr-00178-BR   Document 143   Filed 04/01/22   Page 2 of 6

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> Those factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner."

United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) (citing 18 U.S.C. § 3553(a)).

Here, the government initially argues that defendant has once again failed to exhaust his administrative remedies. (Resp., DE # 137, at 1, 17-18.) According to the BOP's records, defendant "has not filed any administrative remedy requests during his incarceration with the BOP." (Pratesi Aff., DE # 137-1, at 2.) In response, defendant has come forward with copies of his correspondence with his case manager, the Warden, his unit case manager, and legal staff. (Reply, Attach. 1, DE # 138-1.) Defendant states that he has not received any response to this correspondence, (Reply. DE # 138, at 5), all of which pertains to his request for compassionate release. Under the circumstances the court concludes that defendant has satisfied § 3582(c)(1)(A)'s threshold exhaustion requirement. Cf. United States v. Muhammad, 16 F.4th 126, 131 (4th Cir. 2021) ("[T]he threshold requirement in § 3582(c)(1)(A) is non-jurisdictional . . . ."). Therefore, the court will consider the merits of his motion.

Defendant requests that the court reduce his sentence based on his vulnerability to severe illness from COVID-19. (Mem., DE # 133, at 1.) He argues the § 3553(a) factors weigh in favor of his release. (See id. at 5.) In response, the government contends defendant has not demonstrated his medical condition is sufficiently extraordinary and compelling to warrant a reduction and any risk he might have due to COVID-19 is minimized because he has been

3

Case 5:10-cr-00178-BR   Document 143   Filed 04/01/22   Page 3 of 6

vaccinated. (Resp., DE # 137, at 20-23.) Further, it argues the § 3553(a) factors and defendant's release plan weigh against any sentence reduction. (Id. at 23-25.)

"COVID-19 raises medical issues in the prison context that are particularly serious — it is highly communicable; it is aggravated by certain other medical conditions; and it can be lethal." High, 997 F.3d at 185. "[I]n considering whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, [district courts] have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility." United States v. Kibble, Criminal Action No. 2:19-00077, 2020 WL 3470508, at *2 (S.D.W. Va. June 25, 2020) (citing United States v. Brady, No. S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (collecting cases)), aff'd, 992 F.3d 326 (4th Cir.), cert. denied, 142 S. Ct. 383 (2021). The Centers for Disease Control and Prevention's ("CDC") list of risk factors for COVID-19 complications also informs the court's evaluation. Everett v. United States, No. 4:16cr35, 2020 WL 5793428, at *3 (E.D. Va. Sept. 25, 2020).

Defendant is 42 years old and has asthma. (PSR, DE # 89, ¶ 32.) He "has had breathing problems since he was 3 years of age." (Reply, DE # 138, at 2.) A person with a chronic lung disease, including moderate to severe asthma, is more likely to get very sick from COVID-19. See CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 31, 2022).

Defendant is currently incarcerated at FCI Yazoo City Low. See BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (search BOP Register Number 54308-056) (last visited Mar. 31, 2022). There, 1 inmate and 0 staff are positive for COVID-19, BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Mar. 31, 2022), and most inmates at the Yazoo

City complex are fully inoculated, see BOP, COVID-19 Vaccine Implementation, https://www.bop.gov/coronavirus/ (last visited Mar. 31, 2022), including defendant, (see Resp., Ex. 2, DE # 134-2; Reply, DE # 138, at 3). Although defendant has been vaccinated, breakthrough infections of COVID-19 among fully vaccinated persons remain, particularly with the emergence of variants of the virus, see CDC, What You Need to Know About Variants, https://www.cdc.gov/coronavirus/2019-ncov/variants/about-variants.html (last visited Mar. 31, 2022).

Considering the circumstances, the court concludes defendant has shown extraordinary and compelling reasons to warrant consideration of the applicable § 3553(a) factors. Prior to the instant offenses, defendant had been convicted of five felonies, including ones involving controlled substances and the use of firearms. His offense conduct here involved his shooting a rival drug dealer in the back and possessing marijuana, a loaded, stolen firearm, and items associated with drug distribution (all found in his residence). (PSR, DE # 89, ¶¶ 5-6.) Defendant has served about 12 years, or 90%, of the term of imprisonment imposed, with good time credit. (See Not., DE # 132, at 4.) His projected release date is 4 November 2022. (Id.) While incarcerated in the BOP, defendant has not been cited for any disciplinary infractions. (Id. at 1.) He has worked as an orderly in the psychology department and taken numerous classes, including ones related to release planning and the residential drug abuse program. (Mem., Ex. A, DE # 121-1.) His PATTERN score is low, (Mem., Ex. B., DE # 121-2), suggesting he has a lower risk of recidivism. See Dep't of Just., Department of Justice Announces Enhancements to the Risk Assessment System and Updates on First Step Act Implementation (Jan. 15, 2020) ("[A]ll inmates in the [BOP] system have received an initial assessment using the Justice Department's risk and needs assessment tool known as the Prisoner Assessment Tool Targeting

Estimated Risk and Need (PATTERN). . . . [T]he tool is designed to measure risk of recidivism of inmates."), https://www.justice.gov/opa/pr/department-justice-announces-enhancements-risk-assessment-system-and-updates-first-step-act.

Upon release, defendant plans to initially reside with his sister in Kinston, North Carolina, obtain employment, renew his driver license, and attend community college. (Reply. DE # 138, at 7-8.) His family and a friend support his release. (See Ltrs., DE ## 139-42.)

The court concludes reducing defendant's term of imprisonment to time served satisfies the goals of sentencing, including reflecting the seriousness of the offenses and imposing sufficient punishment. Accordingly, defendant's motion is ALLOWED. Defendant's sentence of imprisonment as reflected in the judgment dated 14 April 2011 is REDUCED to time served on all counts. All other provisions of that judgment shall remain in effect. The BOP may delay defendant's release up to 14 days for quarantine and/or administrative reasons.

This 1 April 2022.

_____
W. Earl Britt
Senior U.S. District Judge